Charles L. Robinson, CPA Legislative Auditor State Capitol Little Rock, AR 72201
Dear Mr. Robinson:
This is in response to the questions you submitted in reference to funds spent by the Department of Correction (ADC) for items other than those for which the funds were appropriated.
You stated that the ADC was appropriated $750,000 by Section 1 of Act 199 of 1985 from the ADC Inmate Care and Custody Fund Account, a general revenue fund, for capital outlay. Section 3 of the Act allowed the unexpended appropriation and funding for capital outlay to be carried forward and used for the same purposes during the fiscal year ended June 30, 1986.
You also revealed that in March, 1986, ADC sent a letter to the Department of Finance and Administration, (DFA) stating that ADC was of the opinion that the carry forward funds had lost their identity and could be used to support any line item appropriation within the operating appropriation. You also stated that you were told that DFA gave verbal approval for expending these funds for items other than capital outlay.
You noted that of the $703,483 funds carried forward, $439,977 were expended for items other than capital outlay.
Your first question is as follows:
 Does the Department of Finance and Administration have the authority to allow funds which have been appropriated for capital outlay to be used for other purposes?
It is my opinion that the answer to this question is "no", unless specific authority for such transfer is provided by law. I do not find any specific authority for this transfer, nor did you cite to anything other than the verbal approval given by DFA.
Arkansas Code Annotated 19-4-522(c) (Supp. 1987) provides the authority for the Chief Fiscal Officer of the State (Director of Department of Finance and Administration) to consider transfers between budget classifications within an appropriation for maintenance and general operations. Section 19-4-522(c) (Supp. 1987) provides an exception to this authority which is that no transfer may be from the Capital Outlay classification unless specific authority for such transfer has been provided by law. (NOTE: exception regarding transfer from capital outlay to data processing.)
Section 19-4-522(c)(2) (Supp. 1987) also provides that whenever a requested transfer exceeds $2,500, the Chief Fiscal Officer shall submit such request to the Arkansas Legislative Council for its advice prior to approving such request.
Your second question is as follows:
 If the answer to No. 1 is no, are there any funds due the State Treasury, and if so, by whom?
The answer to this question is dependent on two findings.
First, I will discuss the liability of the disbursing officer or his surety if the disbursing officer had the duty by statute to insure that the funds were used for the purposes intended and the individual had a performance bond covering him/her for this time period.
Arkansas Code Annotated 19-4-1206 states "The bonded disbursing officer for each State agency . . . shall be responsible, and held accountable for, the proper expenditures of the funds under his control. It shall be the responsibility and duty of each disbursing officer/agent to:
 (1) Keep advised as to the availability of the appropriations and funds for which he is the disbursing officer and be informed as to the legality and authority for any obligation which may be incurred, before any disbursements are made.
If the particular disbursing officer in this case had a performance bond covering his position, then the argument could be made that the duty imposed on him by Section 19-4-1206 of being held accountable for the proper expenditure of the funds under his control were not performed. He had not properly expended the funds under his control since the funds were appropriated for capital expenditures and he purchased other goods and services. The surety could be requested to make payment on the bond.
There would not be any liability of the Chief Fiscal Officer of the State since A.C.A. 19-4-1106 exonerates his surety from liability for any improper payments made by a State agency executive. However, it appears that an agency executive could assert as a defense in any action that he relied upon the verbal advice of the State's Chief Fiscal Officer in good faith. While this eventuality has not been addressed by the Arkansas Legislature, it is within its policy-making role to do so.
The other situation where liability might occur is if an action was brought under Arkansas Constitution Article 16, Section 13.
Ark. Const. Art. 16 Section 13 states as follows:
 Any citizen of any county, city or town may institute suit in behalf of himself and all others interested to protect the inhabitants thereof against the enforcement of any illegal exactions.
An illegal exaction covers almost any misuse or mishandling of public funds which may be challenged by a taxpayer action. Nelson v. Berry Petroleum Company, 242 Ark. 273, 413 S.W.2d 46, 49, (1967). If a taxpayer brought an illegal exaction action, a court of competent jurisdiction would make a determination based upon the particular facts and circumstances and would effect appropriate remedies.
The opinion, which I hereby approve, was prepared by Assistant Attorney General, Paul L. Cherry.